## IN THE COUNTY COURT OF THE 9TH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

MARIELA DE CAIRES,

    **Plaintiff,**

v.

PORTFOLIO RECOVERY
ASSOCIATES LLC,

    **Defendant.**

       **JURY TRIAL DEMANDED**

       **INJUNCTIVE RELIEF SOUGHT**

_____/

## COMPLAINT

Plaintiff Mariela De Caires ("Plaintiff") sues Defendant Portfolio Recovery Associates LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and violations of Florida Consumer Collection Practices Act ("FCCPA")

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Orange County, Florida.

3. The amount in controversy is greater than $8,000 but not to exceed $15,000.00 exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Orange County Florida.

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Orange County, Florida.

6. Defendant is a/an Delaware limited liability company, with its principal place of business located in Norfolk Virginia 23502.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, WebBank, and Plaintiff (the "Subject Service").

10. The Subject Service was primarily for personal, family, or household purposes.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Defendant's "Consumer Collection Agency" license number is CCA0900382.

16. Defendant does not maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.

17. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are not current to within one week of the current date.

18. For example, Defendant does not maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

19. Further, Defendant does not have written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

20. Defendant cannot lawfully collect consumer debts from Florida consumers because Defendant failed to maintain a valid registration.

21. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

22. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

23. On a date better known by Defendant, Defendant transmitted Plaintiff's personal information to a third-party (the "Third-Party").

24. The personal information Defendant transmitted to the Third-Party included, but was not limited to: **[1]** Plaintiff's name; **[2]** Plaintiff's address; **[3]** the existence of the Consumer Debt; **[4]** the amount of the consumer debt; **[5]** the creditor of the Consumer Debt; **[6]** that Plaintiff was the alleged debtor of the Consumer Debt; **[7]** information regarding the Subject Service; and **[8]** that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt (collectively, the "Transmitted Information").

25. The Third-Party, of whom Defendant transmitted Plaintiff's personal information to, complied Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Consumer Debt.

26. The Transmitted Information affected Plaintiff's reputation. For example, the transmission of such information affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

27. Defendant's transmission of Plaintiff's personal information to the Third-Party was a communication in connection with the collect of the Consumer Debt.

28. In addition to transmitting Plaintiff's personal information to the Third-Party, Defendant also transmitted Plaintiff's personal information to *other* third-party entities in connection with the collection of the Consumer Debt. Defendant transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Consumer debt from Plaintiff.

29. On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff, of which was internally dated February 2, 2021, (the "Collection Letter") in an attempt to collect the Consumer Debt.

30. Defendant falsely represents the amount of the Consumer Debt as $3,721.23 in the Collection Letter.

31. Defendant's transmission of Plaintiff's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA.

32. The Collection Letter contains a bar code, discreet tracking numbers, and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Collection Letter.

33. Defendant knew that the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA.

34. The Third-Party did not have any legitimate need for the Transmitted Information, as the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA.

### COUNT 1
### VIOLATION OF 15 U.S.C. § 1692c(b)

35. Plaintiff incorporates by reference ¶¶ 8-34 of this Complaint.

36. Pursuant to § 1692c(b) of the FDCPA, *"a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."* 15 U.S.C. 1692c(b) (emphasis added).

37. As set forth above, Defendant's transmission of Plaintiff's personal information to the Third-Party violates § 1692c(b) of the FDCPA. *See* Hunstein, No. 19-14434, 2021 U.S. App. LEXIS 11648 ("[w]e hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b).") Accordingly, Defendant violated § 1692c(b) of the FDCPA when it transmitted Plaintiff's personal information to the Third-Party.

38. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1]statutory damages as provided by 15

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
### VIOLATION OF 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(5), & § 1692e(10)

39. Plaintiff incorporates by reference ¶¶ 8-34 of this Complaint.

40. Defendant is liable to Plaintiff for attempting to collect the Consumer Debt from Plaintiff without possessing a valid consumer collection agency license in accordance with Florida law. Fla. Stat. § 559.553.

41. Fla. Stat. § 559.553(1) provides that "[a] person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, **and thereafter maintaining a valid registration**." (emphasis added).

42. To maintain validation registration, Fla. Stat. § 559.5556(1) provides that "[e]ach registered consumer collection agency shall maintain, at the principal place of business designated on the registration, all books, accounts, records, and documents necessary to determine the registrant's compliance with this part."

43. Even further, Fla. Stat. § 559.5556(3) provides that "[t]he commission may prescribe by rule the minimum information to be shown in the books, accounts, records, and documents of registrants so that such records enable the office to determine the registrant's compliance with this part."

44. To these ends, effective as of November 25, 2011, and pursuant to the "Rulemaking Authority" of Fla. Stat. 559.556, Florida Administrative Code Rule 69V-180.080, titled "**Consumer Collection Agency Records**," provides that "[a] registrant shall, *at a minimum*,

PAGE | 6 of 13

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

maintain all records specified in [Rule 69V-180.080], [and that] [r]ecords shall be kept current to within one week of the current date."

45.   With respect to the *minimum* records specified by Rule 69V-180.080, the likes of which are required to "be kept current to within one week of the current date," Rule 69V-180.080 provides an explicit list of records that "shall be maintained," of which include:

(a)   "A copy of the contract or agreement that the registrant will use with its creditors." Rule 69V-180.080(1).

(b)   "The debtor's account of activity disclosing ... [t]he actual amount of the claim submitted by the creditor ... [a] record of payments made by the debtor, including the date received and the amount and balance owing ... [and] [a] record of outbound contacts or attempted contacts by the registrant with the debtor including ... [t]he name of the person (or alias name of the person) making or attempting to make contact." *See* Rule 69V-180.080(3).

(c)   "All form letters and stationery used by a registrant shall be maintained in a file and made available at all times for review by the Office of Financial Regulation." *See* Rule 69V-180.080(6).

(d)   "The name of the financial institution or institutions where the registrant's accounts will be maintained, and the identifying numbers assigned by the financial institutions to the accounts." *See* Rule 69V-180.080(7).

(e)   "Basic information about the debt including, at the minimum, [d]ocumentation of the debt provided by the creditor, [t]he date the debt was incurred and the date of the last payment, [t]he identity of the original creditor as known to the debtors, [t]he amount of the debt at the time of charge-off or at the time of receipt of the debt by the registrant for purposes of collection and an itemization of all interest, fees, or charges added to it by the registrant, [and] [i]f the debt collector is a debt buyer or is an assignee holding title to the debt, the debt buyer's or assignee's bill of sale or other written document executed by the debt buyer or assignee that contains when and from whom the debt was acquired. *See* Rule 69V-180.080(9).

(f)   "A copy of all letters, emails, and correspondence, written or electronically sent to a debtor." *See* Rule 69V-180.080(10).

(g)   "All phone numbers used by a registrant shall be disclosed and maintained in a file and made available at all times for review by the Office of Financial Regulation." *See* Rule 69V-180.080(11).

46. Further, effective as of November 25, 2011, and pursuant to the "Rulemaking Authority" of Fla. Stat. 559.556, Florida Administrative Code Rule 69V-180.090, titled **"Consumer Collection Agency Records Retention and Destruction,"** provides that "[a]ll books, accounts, records, documents, and receipts must be maintained for at least 3 years from the date the consumer satisfied the debt being collected or the registrant has ceased collection efforts from the consumer [and] [a] registrant must have written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer." *See* Rule 69V-180.090(1) & (2).

47. Here, Defendant attempted to collect the Consumer Debt from Plaintiff by and through the Collection Letter, and in so doing, Defendant engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, Defendant did no possess or otherwise maintain a valid consumer collection agency with the Florida Department of State as required by Fla. Stat. § 559.553.

48. Defendant's failure to maintain a valid consumer debt collection license, as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida violates 15 U.S.C. § 1692e & e(10) because attempting to collect a debt while not possessing a valid license as required by Florida law is a false, deceptive, and misleading practice.

49. Defendant's failure to maintain a valid consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not lawfully licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

50. Defendant's failure to maintain a valid consumer collection agency license, as mandated by Florida Statutes § 559.553, while attempting to collect consumer debts – such as the Consumer Debt – is a violation of 15 U.S.C. § 1692e(5) because the Collection Letter is a threat to take action that cannot legally be taken. For example, the Collection Letter causes the least sophisticated consumer to believe that Defendant may lawfully collect *or even attempt to collect* the Consumer Debt when, in reality, Defendant had no such authority or lawful ability.

51. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1] statutory damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### VIOLATION OF FLA. STAT. § 559.72(5)

52. Plaintiff incorporates by reference ¶¶ 8-34 of this Complaint.

53. Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

54. As set forth above, Defendant unlawfully transmitted Plaintiff's personal information, by and through the Transmitted Information, to the Third-Party, whereby said transmitted information affective Plaintiff's reputation because the Third-Party did not have any *legitimate* need for unlawfully transmitted personal information of Plaintiff.

55. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1] statutory damages pursuant to Fla.

Stat. §559.77(2); [2] an injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; [3] costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and [4] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
### VIOLATION OF 15 U.S.C. § 1692g(a)(1) and § 1692e(2)(A)

56. Plaintiff incorporates by reference ¶¶ 8-34 of this Complaint.

57. Defendant violated § 1692g(a)(1) and § 1692e(2)(A) of the FDCPA by attempting to collect the alleged Consumer Debt from Plaintiff *via* the Collection Letter. Here, the Collection Letter fails to adequately inform the least sophisticated consumer of the true amount owed to the current creditor and otherwise falsely represents the character and/or amount of the debt. In short, Defendant failed to provide an explicit disclosure of accrued and accruing interest the Consumer Debt is subject to pursuant to the agreement underlying the Consumer Debt.

58. As stated above, the Consumer Debt is the sum of the principal portion of the original debt and, *inter alia*, the interest and fees added to said principal pursuant to underlying agreement. With that said, however, the amount that the creditor of the Consumer Debt is entitled to recover from Plaintiff goes much further.

59. Section 1692g(a)(1) of the FDCPA requires that a debt collector send the consumer a written notice containing "**the amount of the debt.**" 15 U.S.C. § 1692g(a) (emphasis added). Section 1692e(2)(A) explicitly prohibits "[t]**he false representation of the character, amount, or legal status of any debt.**" 15 U.S.C. § 1692e(2) (emphasis added).

60. Defendant failed to provide an explicit disclosure of accrued and accruing interest and fees which the Consumer Debt is subject thereto, and as a result, the least sophisticated consumer can be misled or confused as to the amount of the owed. For example, the least

sophisticated consumer may erroneously believe that he or she can fully satisfy the underlying debt by mailing the creditor the full amount listed on the collection letter Defendant sent to the consumer *regardless* of how much time has lapsed.

61. Here, the Consumer Debt, pursuant to the agreement underlying the Consumer Debt, continues to accrue fees and interest, of which is compounded on a daily or otherwise periodic basis.

62. The necessity of information which Defendant omitted from the Collection Letter was an issue Judge Kathleen M. Williams addressed in Anselmi v. Shendell & Associates, P.A., stating, in relevant part:

> The Seventh Circuit has offered some guidance regarding a debt collector's obligations under 15 U.S.C. §1692g(a). See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000). With regard to specifying the amount of the debt owed, the Seventh Circuit has held that the following statement would satisfy the debt collector's duty to state the amount of the debt where the amount may vary day to day: *As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number]. See* Id. at 876. Although a debt collector need not use this exact language, using the aforementioned or similar language will preclude a debt collector from being accused of violating §1692g(a). Id.

2014 WL 5471111 at *3 (S.D. Fla. 2014) (emphasis added).

63. Yet, despite Judge Kathleen M. Williams' clear articulation of safe-harbor language capable of insulating Defendant from liability, Defendant *still* chose to wrongfully conceal necessary and pivotal information from the least sophisticated consumer. For example, in the Collection Letter, Defendant did not inform the least sophisticated consumer that the underlying

debt was accruing interest; Defendant did not provide a breakdown of the accrued interest or other fees and instead mislead the least sophisticated consumer by stating the amount owed as a single sum; Defendant did not state whether the underlying debt was subject to the accrual of interest or other charges; Defendant did not state whether the consumer debt had accrued interest or other charges; Defendant did not state the amount of interest and other charges that had accrued on the principal portion of the underlying debt; Defendant did not state how or when the purported amount owed by the consumer had been calculated; and Defendant failed to advise of the *added* prejudgment interest which the current creditor could *also* recover from the consumer upon securing a judgment against the consumer.

64. Thus, in light of the forgoing, Defendant violated § 1692g(a)(1) and § 1692e(2)(A) of the FDCPA by failing inform the least sophisticated consumer of the interest, charges, and/or fees which the underlying debt *was and is* subject.

65. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief: [1] statutory damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

Dated: December 16, 2021

                                            Respectfully Submitted,

                                            /s/ Thomas J. Patti
                                            **JIBRAEL S. HINDI, ESQ.**
                                            Florida Bar No.: 118259
                                            E-mail:   jibrael@jibraellaw.com
                                            **THOMAS J. PATTI, ESQ.**
                                            Florida Bar No.: 118377
                                            E-mail:   tom@jibraellaw.com
                                            The Law Offices of Jibrael S. Hindi
                                            110 SE 6th Street, Suite 1744
                                            Fort Lauderdale, Florida 33301
                                            Phone:    954-907-1136
                                            Fax:      855-529-9540

                                            *COUNSEL FOR PLAINTIFF*

PAGE | **13 of 13**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com